■ PAWN SHOP LLC et al., Respondents, v GARY ESTERMAN, Defendant, and MODELL FINANCIAL INC., Doing Business as MODELL'S, Appellant. [985 NYS2d 236]—

Order, Supreme Court, New York County (George J. Silver, J.), entered August 20, 2013, which, to the extent appealed from, denied the motion by defendant Modell Financial Inc., doing business as Modell's, for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Modell's showed that it complied with General Business Law article 5 and that it paid a collateral loan to defendant Esterman, thereby establishing prima facie that it obtained possession lawfully of jewelry that plaintiffs claim Esterman stole from them. However, plaintiff Krutoyarsky's affidavits, though sparse, raise the inference that the collateral identified on the pawn ticket is the jewelry stolen from plaintiffs by Esterman (see Solomon R. Guggenheim Found. v Lubell, 77 NY2d 311, 317 [1991]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Manzanet-Daniels and Clark, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON WALKER, Appellant. [984 NYS2d 592]—Judgment of resentence, Supreme Court, New York County (Ronald Zweibel, J.), rendered August 2, 2012, resentencing defendant to an aggregate term of 25 years to life, and imposing an aggregate term of five years' postrelease supervision as to certain convictions, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (see People v Lingle, 16 NY3d 621 [2011]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Manzanet-Daniels and Clark, JJ.